UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BLAKE H. MOORE, M.D., individually and as the Personal Representative of the Estate of Angela Lynn Moore, and JUDITH A. PARKELL, | ) ) ) ) | Civil Action No.: 4:07-3009-TLW-TER |
| Plaintiffs, | ) ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| -vs- | ) ) ) | |
| THE STATE OF SOUTH CAROLINA, et al, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## I.     INTRODUCTION

Plaintiffs, proceeding pro se, assert twenty causes of action in their Complaint, including actions under 42 U.S.C. § 1983, 28 U.S.C. § 2254, the Indian Child Welfare Act, and the Immigration and Naturalization Act, among others.  Presently before the Court are Trudy Hartzog Robertson ("Robertson") and Donald B. Meyer's ("Meyer") Motion to Dismiss (Document # 53), Plaintiff's Motion for Summary Judgment (Document # 73), and State of South Carolina ("the State"), Henry Dargan McMaster ("McMaster"), South Carolina Department of Social Services ("DSS"), and Kim Adylette's ("Adylette") (collectively, "the State Defendants") Motion to Dismiss (Document # 109).

Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the two Motions to Dismiss could result in dismissal of their Complaint.  Plaintiffs have failed to respond to Robertson and Meyer's Motion to Dismiss.  They also failed to file a Response to the Motion to Dismiss filed by the State Defendants. However, Plaintiffs did file a "Motion to Quash" (Document # 127) the State Defendants' Motion to

Dismiss, which the court will treat as a Response to the Motion.

As to Plaintiffs' Motion for Summary Judgment, although it was directed to all Defendants, only Defendants S. Bryan Doby ("Doby") and Titsa Flesch d/b/a Healthy Minds, Inc. ("Flesch") filed Responses (Documents # 84 and 86, respectively) to the Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the District Judge.

## II.    ROBERTSON AND MEYER'S MOTION TO DISMISS

### A.    Factual Allegations and Causes of Action

This action arises out of proceedings against Plaintiff Moore in the South Carolina Family Court initiated by the South Carolina Department of Social Services. Plaintiffs assert the following causes of action against Robertson and Meyer: 1) Deprivation of Federal Constitutional Rights Under Color of State Law, 42 U.S.C. § 1983; 2) Wrongful Death; 3) Intentional Infliction of Emotional Distress; 4) Defamation Per Se (Libel and Slander); 5) Tortious Rape and Conspiracy to Commit Sexual Assault on a Minor; 6) Tortious Interference with Existing Contractual Relations; 7) Tortious Interference with Prospective Contractual Relations; 8) Promissory Estoppel; 9) Legal Malpractice; 10) Violation of S.C. Code Ann. § 20-7-690(A); 11) Survival Action; 12) Civil Conspiracy; 13) Violation of the Immigration and Naturalization Act; 14) Violation of 18 U.S.C. § 1959, 1961-68 (Racketeer Influenced and Corrupt Organizations); 15) Violation of Kinship Rights; and 16) Class Action.

Plaintiffs allege that Robertson and Meyer, as Counsel for Williamsburg Regional Hospital, received a copy of Moore's DSS file. Complaint at ¶ 40. They further allege that Robertson and

Meyer advised Williamsburg Regional Hospital to submit a "false, malicious and libelous" report to the National Practitioner Data Bank (NPDB) concerning Moore's suspension related to the allegations of sexual misconduct against a minor.  Id. at ¶ 41.  According to Plaintiffs, the entry into the NPDB has caused Moore severe economic harm and emotional distress.  Id.  Plaintiffs further allege that despite the fact that sexual abuse allegations were dropped in July of 2005, Robertson and Meyer have failed to advise Williamsburg Regional Hospital to remove the entry from the NPDB.  Id. at ¶ 43.

All of Plaintiffs' claims against Robertson and Meyer arise out of their receipt of Moore's DSS file and the report to the NPDB.  Defendants assert that Plaintiffs' claims are barred by the statute of limitations and by the doctrine of res judicata.  Defendants further assert that their actions were entirely appropriate.

B.     Standard of Review

A motion to dismiss under Rule 12 tests the sufficiency of the complaint.  It does not resolve conflicts of facts.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)   Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiff is a pro se litigant, and thus her pleadings are accorded liberal construction.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir.

1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes,

449 U.S. at 9.  Even under this less stringent standard, however, the pro se Complaint is still subject

to dismissal.  Liberal construction means only that if the court can reasonably read the pleadings to

state a valid claim on which the plaintiff could prevail, it should do so.  Barnett v. Hargett, 174 F.3d

1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him, Small v.

Endicott, 998 F.2d 411 (7th Cir. 1993), nor should a court "conjure up questions never squarely

presented."  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

     C.    **Discussion**

     Each of Defendants' arguments–statute of limitations, res judicata, and the appropriateness of

their actions, is based on facts outside the pleadings.  Defendants argue that the events giving rise to

the claims against them occurred in November of 2004 at the latest.  However, that information is not

included in the pleadings.  A statute of limitations defense may be brought under Rule 12(b)(6) only

if the time bar is apparent from the face of the complaint. Dean v. Pilgrims Pride Corp., 395 F.3d 471,

474 (4th Cir.2005).  Because the time bar is not apparent from the face of the Complaint, the statute

of limitations argument is premature.

     Defendants' res judicata argument is also improper at this stage in the litigation.  Specifically,

a determination of whether Robertson and Meyer are in privity with the Hospital requires an inquiry

of fact that is not appropriate in a Rule 12 motion.

     Finally, Defendants' argument that their actions were appropriate also fails at the motion to

dismiss stage.  Defendants rely on facts outside the pleadings, including the Medical Staff Bylaws and

a Release Agreement in support of their assertion that Plaintiffs' fail to state a claim upon which relief

may be granted.

The arguments presented in this Motion to Dismiss should be raised in a motion pursuant to Rule 56, Fed.R.Civ.P. Thus, Robertson's and Meyer's Motion to Dismiss should be denied without prejudice and with leave to refile at a later time.

## III.    PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### A.    Factual and Procedural History

In their Motion for Summary Judgment, Plaintiffs assert that Defendants violated the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901, et seq, during the state family court proceedings. Plaintiff Moore avers that he is of Native American heritage and his father and grandmother were part of the Lenni Lenape Nation (also known as the Renape Nation or the Delaware Tribe). Moore Aff. at ¶1. He further avers that he is very active in tribal cultural events. Id. Moore states that his adopted daughter, SFM, is also of Native American heritage through the Pacific Northwest Tribal Nation. Id. at ¶ 3. He states that he and his mother, Plaintiff Parkell, repeatedly apprised Defendants of this heritage. Id. at ¶ 5. Parkell also avers that her son, Moore, was very active in tribal matters and that his adopted daughter, SFM, is of Native American Heritage. Parkell Aff. at ¶¶ 2, 5. Parkell avers that she also noted to Defendants that the ICWA should be applied in the family court proceedings. Id. at ¶ 6.

### B.    Standard of Review

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317.

-5-

Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v.

-6-

Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**C.    Discussion**

Section 1912(a) of the ICWA provides that

> [in] any involuntary proceeding in a State court, <u>where the court knows or has reason to know that an Indian child is involved</u>, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary: Provided, That the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding.

(Emphasis added).

ICWA also provides that any parent from whose custody an Indian child was removed "may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912 and 1913." 25 U.S.C. § 1914.  See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) (concluding that § 1914 grants federal district courts the authority to invalidate state court actions that violate §§ 1911, 1912, and 1913).

The federal guidelines indicate that a court may have reason to believe a child is an Indian child if: a party to the case informs the court that the child is an Indian child; any public agency involved in child protection services has discovered information which suggests that the child is an Indian child; the child gives the court reason to believe he or she is an Indian child; the residence or the domicile of the child or his or her biological parents is known by the court to be or is shown to be a predominately Indian community; or an officer of the court involved in the proceeding has knowledge

that the child may be an Indian child. Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed. Reg. 67584, 67586 (Nov. 26, 1979).

Aside from Parkell's affidavit that she attempted to point out to the court that SFM was of Native American heritage, there is no evidence in the record that the family court knew or had reason to know of her heritage. Defendant Bryan Doby, the attorney for DSS in the family court proceedings, attached to his Response in Opposition a copy of the order from the family court terminating Moore's parental rights and there is no mention that the ICWA was raised by any of the parties as applicable. Furthermore, pursuant to the undersigned's order of October 2, 2007, Plaintiffs provided the court with copies of the above-referenced order terminating Moore's parental rights, the opinion from the South Carolina Court of Appeals affirming the family court' s order, and the order from the South Carolina Supreme Court denying Moore's petition for writ of certiorari.[1] The court of appeals' opinion reveals that Moore did not make a motion for reconsideration of the family court's order nor did he raise on appeal the applicability of ICWA. Thus, a genuine issue of fact exists as to whether the family court knew or should have known of SFM's Native American heritage. Accordingly, summary judgment is not appropriate on this claim.

**IV.     THE STATE DEFENDANTS' MOTION TO DISMISS**

Defendants State, DSS, McMaster, and Adylette, move for dismissal of the claims against them pursuant to Eleventh Amendment Immunity and for failing to allege facts sufficient to constitute a cause of action upon which relief can be granted.

The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State

---

[1]These documents have been filed under seal to protect the interests of the minors.

agency or department, unless the state has waived its immunity from federal court jurisdiction. The

Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in
> law or equity, commenced or prosecuted against one of the United States by Citizens
> of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. See College Savings Bank v. Florida Prepaid Education Expense Board, 527

U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); Alabama v. Pugh, 438 U.S. 781, 782 & nn. 1-2,

98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Bellamy v. Borders, 727 F.Supp. 247, 248-250 & nn. 2-3

(D.S.C.1989). See also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir.1996), cert. denied, Vernon

v. Harter, 521 U.S. 1120, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997); Pennhurst State School &

Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language

of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh

Amendment bars suits against a State filed by its own citizens).

     Under Pennhurst , a State must expressly consent to suit in a federal district court.  Pennhurst,

465 U.S. at 99 n.9.  The State of South Carolina has not consented to suit in a federal court. See South

Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that

the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in

a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of

another State).

     The Eleventh Amendment immunity granted to the states "applies only to States or

governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes,"

including state agencies, divisions, departments, and officials are entitled to Eleventh Amendment

immunity.  Will v. Michigan Department of State Police, 491 U.S. 58, 70 (1989).  DSS is an agency

of the state and functions as an arm of the state.  Coffin v. South Carolina Dep't of Soc. Serv., 562 F.Supp. 579, 583-585 (D.S.C.1983).

In addition, state officials sued in their official capacity enjoy Eleventh Amendment Immunity. When an individual defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution.  Thus, McMaster, as Attorney General of South Carolina, and Adylette, as Director of South Carolina DSS, are entitled to Eleventh Amendment immunity in their official capacities.

Clearly, Plaintiffs' claims for monetary damages are barred by Eleventh Amendment immunity. However, certain injunctive relief is available against states despite Eleventh Amendment immunity. The Ex parte Young[2] doctrine "allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." Antrican v. Odom, 290 F.3d 178, 184 (4th Cir.2002). Specifically, Ex parte Young authorizes "suits against state officers for prospective equitable relief from ongoing violations of federal law." Lytle v. Griffith, 240 F.3d 404, 408 (4th Cir.2001). To determine whether the Ex parte Young doctrine is applicable, as the Supreme Court has observed, a court "need only conduct a 'straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 122 S.Ct. 1753, 1760, 152 L.Ed.2d 871 (2002) (citing Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997)).

_____

[2]209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Plaintiffs seek a writ of habeas corpus granting custody of minor children to Parkell and an order directing the Secretary of Health and Human Services to void and expunge the report on the NPDB. Plaintiffs do not allege that the report to the NPDB is an ongoing violation of federal law. Thus, McMaster and Adylette are immune from suit as to this claim. Plaintiffs also fail to seek prospective relief from McMaster under the ICWA. However, although the family court proceedings have concluded, it appears that DSS, Adylette and the State may have custody of the minor children. Thus, liberally construing Plaintiffs' claims, this may constitute an ongoing violation. Therefore, DSS, Adylette, and the State fail to show they are immune from suit as to the ICWA cause of action.

In sum, McMaster should be immune from suit as to all of Plaintiffs' claims and the State, DSS, and Adylette should be immune from suit as to all of Plaintiffs' claims except for the ICWA cause of action.[3] McMaster should be dismissed from this action, and all claims against the State, DSS, and Adylette should be dismissed except for the ICWA claim.

## V.     CONCLUSION

In light of the above analysis, it is recommended that Robertson and Meyer's Motion to Dismiss (Document # 53) be denied without prejudice and with leave to refile, Plaintiffs' Motion for Summary Judgment (Document # 73) be denied, and the State Defendants' Motion to Dismiss (Document # 109) be granted in part and denied in part as set forth above.[4]

---

[3]Plaintiffs have not alleged any claims against McMaster or Adylette in their individual capacities. The Complaint clearly names both parties according to their official titles– "Henry McMaster, Attorney General" and "Kim Adylette, Director Department of Social Services."

[4]Plaintiffs' Motion to Quash (Document # 127) the State Defendants' Motion to Dismiss should be denied.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 11, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**