IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Judith A. Parkel, et al., | ) | C.A. No. 4:07-3009-TLW-TER |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The State of South Carolina, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On January 28, 2008, defendants Robertson and Meyer filed a motion to dismiss. On February 22, 2008, the plaintiffs moved for summary judgment. Finally, on April 18, 2008, the defendants associated with the State of South Carolina filed a motion to dismiss. On August 11, 2008, the United States Magistrate Judge filed his Report and Recommendation (the "Report") in this case, addressing each of the three motions. The Report recommends that Robertson and Meyer's motion to dismiss be denied without prejudice, that the plaintiffs' motion for summary judgment be denied, and that the State defendants' motion to dismiss be granted in part and denied in part. Robertson and Meyer filed objections to the Report.

This Court is charged with reviewing the Magistrate's report and the Plaintiff's objections thereto. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and

1

> Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, <u>de novo</u>, the Report and the objections thereto. This Court accepts the Report as it relates to Robertson and Meyer's motion to dismiss and the plaintiffs' motion for summary judgment. The State defendants' moved to dismiss the claims against them based on Eleventh Amendment immunity. The Report recommends that dismissal be granted, except as to the claim under the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901, <u>et seq</u>. The Report construes the plaintiffs' claim under the ICWA as seeking prospective relief for an ongoing violation of federal law.[1] However, reviewing the complaint, plaintiffs claim under the ICWA (the fourteenth cause of action listed in the complaint) seeks to remedy an alleged wrong which has already occurred. The complaint provides that "Defendants did willfully *violate* aboriginal rights by repeatedly *failing* to follow proper federal procedure." Nowhere in the complaint do the plaintiffs reference what could be construed as prospective harm, in relation to their ICWA claim. Therefore, the State defendants' motion to dismiss is granted in full.

For the reasons stated above, the Court declines to accept the Report as it relates to the State defendants (Doc. # 163). Those defendants' motion to dismiss is **GRANTED** (Doc. # 109). The Court accepts the remainder of the Report. For the reasons articulated by the Magistrate Judge, defendants' objections are **OVERRULED** (Doc. # 177); defendants' motion to dismiss is **DENIED**

---

[1] Under <u>Ex parte Young</u>, 209 U.S. 123 (1908), private citizens, in proper cases, are allowed to petition a federal court to enjoin state actors from engaging in future conduct that would violate federal law. In other words, state actors do not have Eleventh Amendment immunity to claims seeking to enjoin *future violations* of federal law.

2

(Doc. # 53); and plaintiffs' motion for summary judgment is **DENIED** (Doc. # 73).

**IT IS SO ORDERED.**

                                                 S/ Terry L. Wooten
                                              **TERRY L. WOOTEN**
                                     **UNITED STATES DISTRICT JUDGE**

September 23, 2008
Florence, South Carolina