UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BLAKE H. MOORE, M.D., individually and as the Personal Representative of the Estate of Angela Lynn Moore, and JUDITH A. PARKELL, | ) ) ) ) ) | Civil Action No.: 4:07-3009-TLW-TER |
| Plaintiffs, | ) ) | REPORT AND RECOMMENDATION |
| -vs- | ) ) ) ) | |
| THE STATE OF SOUTH CAROLINA, et al, | ) ) ) | |
| Defendants. | ) ) | |

## I.  INTRODUCTION

Plaintiffs are proceeding pro se in this action. Presently before the Court is Plaintiff's Motion for Default Judgment (Document # 159) as to the State of South Carolina (the State), Henry Dargan McMaster, and Tara Taggart.[1] On September 23, 2008, the district judge entered an Order (Document # 186) granting the State and McMaster's Motion for Summary Judgment. Thus, they are no longer parties to this case and Plaintiff's Motion is moot as to them. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because Plaintiffs' motion is potentially dispositive, this Report and Recommendation is entered for review by the District Judge.

## II.  FACTUAL AND PROCEDURAL HISTORY

On January 23, 2008, Taggart filed a Motion to Quash Service (Document # 47) pursuant to

---

[1] Other motions are pending as well and will be addressed in a separate Order or Report and Recommendation.

Rule 12(b)(5), Fed.R.Civ.P. According to the motion, service was attempted on January 3, 2008, at the Williamsburg County office of the Department of Social Services. The woman attempting service did not identify the defendants upon which she was attempting service and when the receptionist at the office refused to accept the documents, the woman threw copies of the pleadings through an opening in the window at the receptionist's desk and left. Because it was not clear who the woman was attempting to serve, each Defendant filed a Motion to Quash.

Subsequently, on February 1, 2008, Patrick Frawley sent a letter to Plaintiffs informing them that he represented numerous defendants (whom he listed in the letter) in the action, that their attempt at service was improper, but that he would agree to accept service on behalf of his clients pursuant to Rule 4(d), Fed.R.Civ.P. if Plaintiffs would sign and date a copy of the letter indicating their willingness to allow him to do so. Plaintiff Parkell signed the letter on February 18, 2008, and Frawley filed it as a Waiver of Service (Document # 76) on February 22, 2008. On February 25, 2008, Frawley sent another letter to Plaintiffs indicating that he also represented Taggart and that he would accept service on her behalf as he did for his other clients if Plaintiffs would sign the letter as they did before. Plaintiff Parkel signed the letter on March 1, 2008, and Frawley filed it as a Waiver of Service (Document # 82) for Taggart on March 5, 2008.

Rule 4(d), Fed.R.Civ.P., allows a defendant 60 days to file an answer to a complaint if the defendant waives service of the complaint. Because Taggart's Waiver of Service was sent on February 25, 2008, Taggart's Answer was not due until April 25, 2008. Taggart filed her Answer (Document # 104) on April 11, 2008.

Following a hearing on July 22, 2008, the undersigned entered an Order (Document # 153) finding as moot all of the Motions to Quash, including the Motion filed by Taggart.

**III.   DISCUSSION**

In their Motion for Default Judgment, Plaintiffs argue that the request to allow waiver of service for Taggart was signed only by Plaintiff Parkell, that her signature was not binding upon Plaintiff Moore, and, thus, the waiver of service was not valid as to Moore's claims. Plaintiffs further assert that proper service was made on Taggart by delivering the Summons and Complaint to the Office of the Attorney General. Plaintiffs refer to the Affidavit of Dr. Judith Louise Marley, which was previously filed by Plaintiffs. See Document 72-2. In her Affidavit, Dr. Marley indicates that she was asked to effect service on numerous defendants, including DSS personnel and DSS counsel Helen McFadden. Marley Aff. at ¶ 1. She further states that she "deposited the service" with the individual at the desk at the DSS office who "was in regular contact with Defendant McFadden." Id. at 4, 11. The Affidavit does not include the date on which this attempt of service on McFadden took place nor does it make any reference to service on Taggart.

The Affidavit submitted by Plaintiffs in support of their Motion for Default Judgment is insufficient to equate to proof of service on Taggart. There is no other evidence in the record that Taggart was ever properly served. Plaintiffs allege in their Complaint that Taggart is an attorney and a member of the South Carolina Bar. Thus, neither service on the Attorney General's office nor service on a receptionist at DSS would be proper. Because Taggart is an individual, service should have been made pursuant to Rule 4(e), Fed.R.Civ.P. Nevertheless, Taggart's counsel agreed to accept service on Taggart's behalf and filed an answer within the time limits proscribed by Rule 4(d), Fed.R.Civ.P. Plaintiffs' argument that the Waiver of Service is not valid is inapposite because, as already stated, there is no evidence of proper service on Taggart. Thus, Plaintiffs' Motion for Default Judgment should be denied.

## IV. CONCLUSION

For the reasons stated above, it is recommended that Plaintiffs' Motion for Default Judgment (Document # 159) be denied.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 21, 2009  
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**